# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WENCONG LIN a/k/a LANCER LIN and PACIFIC TITLING, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:19-CV-2439 CAS ) |
| ST. LOUIS MOTORSPORTS, LLC, | ) ) |
| Defendant. | ) |

## ORDER OF REMAND

This matter is before the Court on review of the file. On August 30, 2019, the Court issued an Order Concerning Removal (the "Order") that identified a specific defect in the notice of removal and petition's jurisdictional allegations and ordered defendant St. Louis Motorsports, LLC to "file an Amended Notice of Removal alleging sufficient facts to establish plaintiff Pacific Titling, LLC's citizenship by alleging the state(s) of citizenship of each of its members, both at the time of filing and the time of removal." (Order, Doc. 12 at 4.) The Court further ordered that "if defendant does not timely and fully comply with this Order, this matter will be remanded to the state court from which it was removed, for lack of subject matter jurisdiction." (Id.) As defendant has not filed an amended notice of removal, the Court finds it lacks subject matter jurisdiction over this action and must remand it.

**Background**

Plaintiffs filed this action in the Circuit Court of St. Louis County, Missouri, on August 6, 2019, alleging state law claims for breach of contract, rescission and restitution, fraud, and specific

performance. On August 28, 2019, defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

**Discussion**

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

In removal cases, the district court reviews the petition pending at the time of removal to determine the existence of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii); Ratermann v. Cellco P'ship, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009) "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" Central Iowa Power Co-op., 516 F.3d at 912.

Complete diversity of citizenship between plaintiffs and defendants is required by 28 U.S.C. § 1332. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). "When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the

citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990) . To establish complete diversity of citizenship, a complaint must include factual allegations as to each party's state(s) of citizenship. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a). In a removed action, diversity must exist both when the state petition is filed and when the notice of removal is filed. Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001).

For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of each of its members. E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, for limited liability companies, the Court must examine the citizenship of each member of the limited liability company to determine whether it has diversity jurisdiction. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("GMAC").

In the Order, the Court set forth the foregoing principles and found that neither the petition nor the notice of removal contained allegations of the relevant jurisdictional facts as to plaintiff Pacific Titling, LLC's citizenship: the state(s) of which each of its members were citizens at the time the petition was filed and at the time of removal, as required by GMAC and Ryan. Defendant was ordered to file an amended notice of removal alleging facts to show the existence of the requisite diversity of citizenship of the parties. The Court stated, "Consistent with 28 U.S.C. § 1446(a), which requires that the notice of removal contain a "short and plain statement" of the grounds for removal and be signed pursuant to Rule 11, Federal Rules of Civil Procedure, this Order requires only allegations of the requisite jurisdictional facts." Defendant did not file an amended notice of removal and the time to do so has passed.

3

**Conclusion**

For the foregoing reasons, plaintiffs' petition and defendant's notice of removal do not contain the requisite allegations of jurisdictional facts as to plaintiff Pacific Titling, LLC's citizenship sufficient to establish the existence of diversity jurisdiction. The Court therefore concludes that defendant, having been given notice and an opportunity to amend its notice of removal, has failed to meet its burden to plead with specificity facts showing that complete diversity of citizenship exists among the parties. See Barclay Square Props., 893 F.2d at 969. As a result, this case must be remanded to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Circuit Court for St. Louis County, Missouri, from which it was removed. See 28 U.S.C. § 1447(c)(3).

                                                                                    /s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of September, 2019.